LOUIS FLEISCHMANN, Plaintiff, *v.* LIPPMAN TOPLITZ, Defendant.

*Landlord and tenant — destruction of the demised premises, a stable, by fire — the tenant must remove the carcasses of the horses and the landlord the debris.*

A lessee of premises in the city of New York occupied the same under a lease, containing a covenant on his part to surrender the premises at the expiration of the term in good order and repair, ordinary wear and tear and injury by the elements excepted, and also at his own proper costs, charges and expenses, to comply with all the rules, orders and regulations of the department of buildings and the board of health of the city of New York.

During the continuance of the lease the premises were totally destroyed by fire, and a number of horses stabled upon them were destroyed. Immediately after the fire a notice was served upon the owner of the premises by the city authorities requiring him to remove the dead carcasses of the horses which had become noisome.

In an action between the landlord and tenant to recover the expense of removal of the carcasses and debris after the fire:

*Held,* that the tenant was bound to remove the offensive carcasses of the horses in order to comply with his agreement to leave the premises in good order, and that the landlord was bound to remove the debris, so far as it was necessary, to enable the tenant to get at the carcasses.

Exceptions ordered to be heard in the first instance at the General Term, after a trial at the New York Circuit, at which a verdict was rendered in favor of the plaintiff for the sum of $609.22, and judgment was ordered, in the meantime, to be suspended.

*A. J. Dittenhoefer*, for the plaintiff.

*A. R. Dyett*, for the defendant.

Brady, J.:

The plaintiff was the lessee of the premises Nos. 43 and 45 West Thirteenth street, under a lease for five years, which would expire on the 1st of November, 1887.

On the 25th of July, 1887, the premises were totally destroyed by fire. They were used by the lessee as a stable, and by the fire a number of horses which were on the premises at the time it occurred were destroyed, and formed a part of the debris. Immediately after the fire a notice was served upon the defendant, as owner of the premises, requiring him to remove the same, the object of which seems to have been to dispose of the dead carcasses of the horses, which would become noisome.

The parties hereto had a conversation in regard to that notice, and an understanding was arrived at between them by which the plaintiff was to proceed with the removal, and the defendant to repay him, provided he, and not the plaintiff, was bound to make the removal. The plaintiff proceeded to do as contemplated, and then insisting that the defendant was liable to refund the amount expended, and the defendant denying such obligation, this action was brought. The lease under which the plaintiff held, contained a covenant on his part to surrender the premises at the expiration of the term in good order and repair, ordinary wear and tear and injury by the elements excepted, and also at his own proper costs, charges and expenses, to comply with all the rules, orders and regulations of the department of buildings and the board of health of the city of New York. The defendant insists that, under both of these covenants, the plaintiff was bound to remove the carcasses mentioned. The plaintiff, on the contrary, contends that no such obligation was imposed.

The case is novel, and examination and research has not revealed a kindred case or guide to its decision on authority. The result of a consideration of all the facts and circumstances has resulted, nevertheless, in this conclusion, namely, that the obligations springing from the relations existing between the parties are several. The plaintiff was bound to remove the offensive carcasses from the ground under his agreement to leave the premises in good state and condition, subject only to the impairment of reasonable use; and the defendant was equally bound to remove the debris to enable the plaintiff to get at the same. This is a just and equitable disposition of the controversy. The general debris being a part of the premises rented, is the landlord's and subject to his control, the term having terminated. The carcasses, connected as they were with

the occupation of the premises by the plaintiff and his business, the animals of which they were the remains, having been employed therein, are his.

The different amounts expended for the removal of the carcasses and debris should, therefore, be paid by the parties, the plaintiff paying for the former and the defendant for the latter, namely, the plaintiff eighty-three dollars and forty-three cents, the defendant $465.50, these amounts appearing to be undisputed on the record. No doubt is entertained that the plaintiff abandoned the possession of the premises after the fire, and that such was the understanding of the parties upon which they acted, and none of the exceptions, which have been fully examined, having any value, the only question requiring particular examination is the right of the plaintiff to recover for money expended for the defendant, and if so how much?

For these reasons the judgment must be modified as suggested by deducting eighty-three dollars and forty-three cents from the judgment and the interest charged thereon, and affirmed as to the balance, without costs to either party.

VAN BRUNT, P. J., and DANIELS, J., concurred.

So ordered.